**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 05-cr-00471-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. DWIGHT DARDEN,
2. JESUS MANUEL LOZANO-SANCHEZ, and
3. ANN KAMAKARIS,

      Defendants.

---

**ORDERS RESOLVING AND MANAGING PRETRIAL MOTIONS**

---

**Blackburn, J.**

All three defendants have filed pretrial motions. The government has filed responses to most, but not all, of defendants' substantive motions.[1] Some of defendants' motions, i.e., motions to suppress, should be set for evidentiary hearing at the status conference set for December 1, 2006.[2] Most of defendants' other pretrial motions are ripe and may be resolved on the papers without further briefing, evidentiary hearing, or oral argument. This order is entered to resolve those pretrial motions that are now ripe.

---

[1] The government did not respond initially to defendant Lozano's motion to dismiss [#57]. However, by Minute Order [#93] entered November 28, 2006, the government must respond to the motion by December 15, 2006.

[2] *See* docket entries 46 and 58.

Defendants' motions fall roughly into the following categories, which I will address in turn: a motion to join;[3] motions for discovery;[4] motion for disclosure of confidential informants;[5] a motion to sever;[6] motions for pretrial disclosure and determination of Fed.R.Evid. 801(d)(2) evidence;[7] motion for disclosure of grand jury materials;[8] and an amended motion for bill of particulars.[9]

Concerning defendants' various motions for discovery, I find and conclude as follows: 1) that defendants have been provided *pro tanto* the discovery to which each is entitled under Rule 16, as codified and construed, and under **Brady, Bagley, Giglio**, and their progeny;[10] 2) that no discreet or specific discovery violations are alleged; and 3) that defendants are not now entitled to discovery beyond that already provided by the government or otherwise available to them or beyond that the government represents it will provide.[11] Thus, to the extent defendants have the discovery to which they are entitled, their motions should be denied as moot, and to the extent defendants request

---

[3] *See* docket entry 79.

[4] *See* docket entries 72, 73, 74, 75, and 78.

[5] *See* docket entry 76.

[6] *See* docket entry 59.

[7] *See* docket entry 75 and 77.

[8] *See* docket entry 60.

[9] *See* docket entry 80.

[10] The reference to "**Brady, Bagley, Giglio**," is a reference to **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); **United States v. Bagley**, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); and **Giglio v. United States**, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

[11] Also, I approve, adopt, and incorporate the relevant reasons stated, arguments advanced, and authorities cited by the government in its response, *see* docket entry 86.

discovery to which they have no right, their motions should be denied.

Concerning defendant Darden's **Motion For Disclosure Of Confidential Informant** [#76] filed March 31, 2006, I find and conclude as follows: 1) that defendant has failed to sustain his burden to demonstrate necessity; 2) that the government may call the confidential informant as a witness at trial, which circumstance weighs against premature pretrial disclosure, *a fortiori*, when trial has not yet been set;[12] and 3) that, thus, the government's privilege of nondisclosure remains viable for now.[13]

Concerning defendant Lozano's **Motion To Sever Counts in the Indictment** [#59] filed December 28, 2005, I find and conclude as follows: 1) that Rule 8(a) permits offenses to be joined where they "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." **Fed.R.Crim.P. 8(a)**; and 2) that the factual basis for the crimes charged in the indictment satisfy the liberal standards for proper joinder under Rule 8(a). *See* **United States v. Janus Industries**, 48 F.3d 1548, 1557 (10th Cir. 1995) (". . . we have previously stated that Rule 8 'is construed broadly to allow liberal joinder to enhance the efficiency of the judicial system.' *United States v. Hopkinson*, 631 F.2d 665, 668 (10th Cir.1980), cert. denied, 450 U.S. 969, 101 S.Ct. 1489, 67 L.Ed.2d 620 (1981); see *United States v. Scott*, 659 F.2d 585, 588 (5th Cir. Unit B 1981) (providing rule governing joinder is to be broadly construed in favor of

---

[12] However, the government has pledged relevantly as follows: "If any informant will be called as a witness, the Government will disclose the identity of that person well in advance of trial." *See* Response [#86] at 9, ¶ 23, filed April 17, 2006. I intend to hold the government to its word.

[13] Also, I approve, adopt, and incorporate the reasons stated, arguments advanced, and authorities cited by the government in its response [#84] filed April 17, 2006.

initial joinder), cert. denied, 459 U.S. 854, 103 S.Ct. 121, 74 L.Ed.2d 105 (1982); *Haggard v. United States*, 369 F.2d 968, 973 (8th Cir.1966) (stating broad interpretation of rule governing joinder is encouraged in the interest of more efficient administration of criminal trials), cert. denied sub nom. *Alley v. United States*, 386 U.S. 1023, 87 S.Ct. 1379, 18 L.Ed.2d 461 (1967).")[14]

Concerning defendants' motions for pretrial disclosure and determination of Fed.R.Evid. 801(d)(2) evidence, *see* [#75], and [#77], I approve, adopt, and incorporate the reasons stated, arguments advanced, and authorities cited by the government in its responses to the motions.[15] The government has produced or will produce all that is required. Defendants are not entitled to more, including a pretrial *James* hearing.[16] Thus, the motions should be denied.

Concerning defendant Lozano's **Unopposed Motion For The Disclosure Of Grand Jury Transcripts** [#60] filed December 28, 2005, I note that the relief requested was granted by my **Order Regarding Discovery Of Grand Jury Transcript** [#67] entered March 8, 2006. The government represents that it has provided the transcripts as ordered.[17] Thus, the motion should be denied as moot.

Finally, concerning defendant Darden's **Amended Motion For Bill Of Particulars** [#80] filed April 6, 2006, I find and conclude as follows. "'The purpose of a

---

[14] Also, I approve, adopt, and incorporate the reasons stated, arguments advanced, and authorities cited by the government in its response [#61] filed January 3, 2006.

[15] *See* Response [#86] at 10-13, ¶¶ 25-31, filed April 17, 2006.

[16] *James* is a shorthand reference to *United States v. James*, 590 F.2d 575 (5th Cir. 1979).

[17] *See* Response [#86] at 14, ¶ 40, filed April 17, 2006.

bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare a defense.'" **United States v. Ivy**, 83 F.3d 1266, 1281 (10th Cir.) (quoting **United States v. Levine**, 983 F.2d 165, 166-67 (10th Cir. 1992)), **cert. denied**, 519 U.S. 901 (1996). Thus, a bill of particulars is not warranted when the indictment sufficiently sets forth the elements of the charged offense. **See United States v. Poole**, 929 F.2d 1476, 1479 (10th Cir. 1991); **United States v. Logan**, 241 F.Supp.2d 1164, 1172 (D. Kan. 2002). Moreover, "[a] bill of particulars may not be used to compel the Government to disclose evidentiary details or to explain the legal theories upon which it intends to rely at trial." **United States v. Gabriel**, 715 F.2d 1447, 1449 (10th Cir. 1983) (citation and internal quotation marks omitted). Thus, when the information the defendant claims is necessary can be obtained in some other satisfactory form, a bill of particulars is not required. **Logan**, 241 F.Supp.2d at 1173.

I find and conclude that the allegations of the indictment, together with the discovery provided to defendant by the government, are more than sufficient to apprise him of the charges against him such that he can adequately prepare a defense. Therefore, defendant Darden is not entitled to a bill of particulars.[18]

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant Lozano's **Motion To Adapt And Incorporate the Motions Filed by Co-Defendant Dwight Darden** [#79] filed April 4, 2006, **IS GRANTED**;

2. That defendant Darden's **Motion for List of Government Witnesses** [#72] filed March 31, 2006, **IS DENIED**;

---

[18] Also, I approve, adopt, and incorporate the reasons stated, arguments advanced, and authorities cited by the government in its response [#85] filed April 17, 2006.

3. That defendant Darden's **Motion for Early Disclosure of Jencks Material** [#73] filed March 31, 2006, **IS DENIED**;

4. That defendant Darden's **Motion for Disclosure of Information Regarding Government Witnesses and Informants** [#74] filed March 31, 2006, **IS DENIED IN PART AS MOOT** and **IS DENIED** otherwise:

    a. That concerning the discovery that is required by law, the motion **IS DENIED AS MOOT**; and

    b. That concerning the discovery that is not required, but that is requested nevertheless by defendant, the motion **IS DENIED**;

5. That defendant Darden's **Motion for Disclosure of Information Regarding Hearsay Declarants and Co-Conspirators** [#75] filed March 31, 2006, **IS DENIED IN PART AS MOOT** and **IS DENIED** otherwise:

    a. That concerning the discovery that is required by law, the motion **IS DENIED AS MOOT**; and

    b. That concerning the discovery that is not required, but that is requested nevertheless by defendant, the motion **IS DENIED**;

6. That defendant Darden's **Motion for Disclosure by Government of Intention To Use Evidence at Trial** [#78] filed March 31, 2006, **IS DENIED IN PART AS MOOT** and **IS DENIED** otherwise:

    a. That concerning the discovery and notice that is required by law, the motion **IS DENIED AS MOOT**; and

    b. That concerning the discovery and notice that is not required, but that is

requested nevertheless by defendant, the motion **IS DENIED**;

7. That defendant Darden's **Motion for Disclosure of Confidential Informant** [#76] filed March 31, 2006, **IS DENIED** without prejudice;[19]

8. That defendant Lozano's **Motion To Sever Counts in the Indictment** [#59] filed December 28, 2005. **IS DENIED**;

9. That defendant Darden's **Motion for Disclosure of Co-Conspirator Statements** [#77] filed March 31, 2006, **IS DENIED IN PART AS MOOT** and **IS DENIED** otherwise:

   a. That concerning the discovery that is required by law, the motion **IS DENIED AS MOOT**; and

   b. That concerning the discovery that is not required, but that is requested nevertheless by defendant, the motion **IS DENIED**;

10. That defendant Lozano's **Unopposed  Motion For The Disclosure Of Grand Jury Transcripts** [#60] filed December 28, 2005, **IS DENIED AS MOOT**;

11. That defendant Darden's **Amended Motion For Bill Of Particulars** [#80] filed April 6, 2006, **IS DENIED**;

12. That **Defendant Kamakaris' Motion To Suppress Evidence Based Upon Illegal Search** [#46] filed December 14, 2005, and defendant Lozano's **Motion To Suppress Statements, Physical Evidence, and Observations** [#58] filed December 28, 2005, **SHALL BE SET FOR HEARING** at the status conference on December 1,

---

[19] The denial of the motion is without prejudice because the government has pledged disclosure well in advance of trial if the government decides to call the confidential informant as a witness. *See* Response [#86] at 9, ¶ 23, filed April 17, 2006.

2006; and

13. That after receiving the government's response to defendant Lozano's **Motion To Dismiss (Violation of the Speedy Trial Act 18 U.S.C. § 3161)** [#57], the court will rule on the papers, commission a reply by the defendant, or set the motion for oral argument or evidentiary hearing**.**

Dated November 28, 2006, at Denver, Colorado.

                                **BY THE COURT:**

                                **s/ Robert E. Blackburn**
                                **Robert E. Blackburn**
                                **United States District Judge**